ANNA A. MURPHY *vs.* SCHOOL COMMITTEE OF LAWRENCE.

Essex.    May 6, 1947. — June 25, 1947.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*School and School Committee. Words, "Same."*

The provisions of G. L. (Ter. Ed.) c. 71, § 40, as appearing in St. 1945, c. 727, § 1, did not require that a woman, employed as a supervisor of arithmetic in the public schools of a city which had accepted the statute, should be paid at the same rate as a man employed there as a supervisor of manual training, where it appeared that the work of the woman was in the fourth, fifth and sixth grades and that she supervised the teaching of arithmetic to both boys and girls and had had extensive education and experience on the scholastic side of teaching, while the man's work was in the sixth, seventh and eighth grades, where he supervised the teaching of woodworking to boys only and in addition performed other duties as to supplies and time keeping not similar to any duties performed by the woman, and that his preparation and training consisted principally of experience as a journeyman carpenter with a short normal school course in the teaching of manual training.

BILL IN EQUITY, filed in the Superior Court on July 30, 1946.

The case was heard by *Hudson,* J.

*J. A. Bradley,* for the plaintiff.

*J. P. Kane,* City Solicitor, for the defendant.

QUA, J.   This is a bill for a declaratory judgment as to the rights of the plaintiff under G. L. (Ter. Ed.) c. 71, § 40, as appearing in St. 1945, c. 727, § 1, and for further relief. See now also St. 1946, c. 527.

The statute, sometimes called the teachers' equal pay law, contains this provision: "Women teachers employed in the same grades and doing the same type of work with the same preparation and training as men teachers shall be paid at the same rate as men teachers." The city of Lawrence has accepted this statute. The plaintiff is employed in the public schools of Lawrence as a supervisor of arithmetic. It is her contention that she is entitled to the same pay as that received by one Durgin, a man teacher who is employed in the public schools of Lawrence as a supervisor of manual training and whose pay is higher than that of the plaintiff. The school committee has decided against her contention. Detailed findings of fact were made by the trial judge. He ruled upon the findings that the plaintiff was not entitled to the benefit of the statute and entered a decree accordingly. The plaintiff appeals. The evidence is reported.

The findings, amply supported by the evidence, show that the work of the plaintiff is in the fourth, fifth, and sixth grades, while the work of Durgin is in the sixth, seventh, and eighth grades, and that, although both the plaintiff and Durgin are called supervisors, the type of work performed by them differs substantially in that the plaintiff supervises the teaching of arithmetic to both girls and boys, while Durgin supervises the teaching of woodworking to boys only and in addition performs other duties, not similar to any performed by the plaintiff, in ordering and distributing supplies and in keeping the time of other teachers. Supervision is the only common element in the work of the two teachers, and it is obvious that supervision of the work in manual training must differ substantially from supervision of the teaching of arithmetic. There are also great differences in the preparation and training of the two teachers. The plaintiff has had extensive education and

experience on the scholastic side of teaching. Durgin's preparation and training consisted principally of experience as a journeyman carpenter, with the addition of a short normal school course in the teaching of manual training.

This case does not call for a careful definition of the words "the same" used four times in the statute. Neither do we determine to what extent, if at all, the court must give weight to the judgment of the school committee as to whether the "grades," "type of work," and "preparation and training" are "the same." It is clear that, in this case, none of the three requirements of the statute is met.

The question is not whether these teachers ought to receive the same pay. That question involves many considerations which are to be weighed by the school committee. The question for us is simply whether the plaintiff has proved a case establishing rights within the statute. The trial judge correctly ruled that she has not.

*Decree affirmed.*